# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEBORAH PYCZYNSKI,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-802-Orl-22KRS**

**KIRKLAND'S STORES, INC., d/b/a: Briar Patch,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION
**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 34)** |
| **FILED:** | **October 12, 2007** |

## I. PROCEDURAL HISTORY.

On May 14, 2007, Plaintiff Deborah Pyczynski filed a two count complaint against Defendants Kirkland's Store, Inc. and Kirkland's Stores, Inc. d/b/a Briar Patch (collectively "Defendants") alleging violation of the overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and breach of an employment contract. Doc. No. 1. In response, Defendants filed an answer and a motion for a more definite statement. Doc. Nos. 6, 9. Pyczynski filed a response to Defendants' motion. Doc. No. 17.

While Defendants' motion was pending, the Court issued its standard FLSA Scheduling Order and Pyczynski answered the Court's interrogatories. Doc. Nos. 10, 16. Although Pyczynski stated she was unable to calculate how much she was owed on her claim without her employer's time and pay records, she provided her approximate dates of employment and regular rate of pay and stated that she was not compensated for 4 hours of work per week. Doc. 16-2 at 1-2.

After the Court denied Defendants' motion for a more definite statement, but dismissed Pyczynski's breach of contract claim, doc. no. 18, Defendants provided their verified summary of hours. Doc. No. 22. Counsel for the parties met in an effort to settle the case, were unable to agree, and submitted a Case Management Report. Doc. No. 25, 26.

On August 31, 2007, Defendants filed a Tender of Full Payment and Motion to Dismiss Complaint with Prejudice, arguing among other things that based on Defendants' pay records, Pyczynski was entitled to, at most, $319.12 in overtime compensation, an equal amount in liquidated damages and $42.87 in interest through August 31, 2007. Defendants attached a check payable to counsel for Pyczynski in the total amount of $681.11, which was the total of overtime compensation, liquidated damages and interest as calculated by the Defendants. Because the full amount that Pyczynski could possibly recover had been tendered, Defendants' counsel argued that Pyczynski was not entitled to recoup any attorneys' fees. Doc. No. 28. Pyczynski responded to the motion asserting, among other things, that her attorney was entitled to fees under the FLSA. Doc. No. 32. The Court granted Defendants' motion to dismiss with prejudice and reserved jurisdiction to consider an award of attorneys' fees and costs to Pycyznski. Doc. No. 33.

Currently pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs. Pyczynski filed the following evidence in support of the motion:

- Plaintiff's Attorney Fee Affidavit, by Konstantine E. Pantas, Esq., doc. no. 34-2 (Pantas Aff.);

- A time sheet for the professionals who performed work in this case, doc. no. 34-3 (time sheet);

- Documents related to the costs incurred in this action, doc. no. 34-4 (cost documents); and

- Affidavit of Travis R. Hollifield as an expert on attorneys' fees, doc. No. 34-5 (Hollifield Aff.).

## II.     ANALYSIS.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the that act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the United States Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir.1988).

Pyczynski seeks an award of $5,122.50 in fees for the services provided by her attorney, Pantas, his paralegal Judy Cane, and his administrative assistant Becki Rodak in connection with this case. Pantas Aff. ¶ 7. The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the

number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir.1990)). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

    A.    <u>Reasonable Hourly Rate</u>.

        1.    <u>Konstantine Pantas</u>.

Konstantine Pantas avers that he has been licensed to practice law in Florida since 1993. He has over eleven years of litigation experience and has practiced exclusively in the area of employment law since 2000. He seeks a rate of $300.00 per hour. Pantas Aff. ¶ 4.

In support of this rate, Pantas cites one case in which he asserts that the Court approved the rate of $300.00 per hour. Pantas Aff. ¶ 4. The cited case, however, does not support the requested rate. In *Pyle v. Selectbuild Florida, LLC*, the issue presented to the court was approval of a settlement in which the defendants did not object to the $300.00 fee for Attorney Pantas. No. 6:07-cv-59-Orl-19DAB, doc. no. 22. Because that case was resolved by settlement, the Court did not pass on the reasonableness of the requested hourly rate.

Hollifield, Pyczynski's proffered expert, has been licensed to practice law in Florida since 1996, and has practiced primarily in the area of labor and employment law. Hollifield Aff. ¶ 1.

Hollifield avers that he is familiar with the fees customarily charged by attorneys in the State of Florida, including Orange County, Florida for the representation of clients in such matters. Hollifield Aff. ¶ 2. Hollifield provides no other foundation for his opinion that a reasonable hourly rate for Pantas is $300.00, a reasonable hourly rate for Pantas's staff is $95.00, and all of Pantas's fees on this case are reasonable. Hollifield Aff. ¶¶ 3-8. Notably, Hollifield does not cite a single example of any court that has determined that $300.00 per hour for Pantas (or any other attorney of comparable skill and experience in this type of litigation) is reasonable.

In other FLSA cases, this Court has previously determined that a reasonable rate for Pantas's services, considering the Orlando legal market, is $250.00 per hour. *See, e.g.*, *Muller v. Total Protective Servs., Inc.,* No. 6:06-cv-1733-Orl-31KRS, 2007 WL 2729659, *6 (M.D. Fla. Sept. 18, 2007); *Reyes v. Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D. Fla. Oct.12, 2006).

Accordingly, considering the Orlando legal market, awards in similar cases, counsel's performance in this case, and the relative simplicity of the case, an hourly rate of $250.00 for work performed by Pantas is appropriate.

    2.    <u>Judy Cane</u>.

Judy Cane has been a paralegal since 1999. She has extensive experience in both state and federal court litigation, including drafting complaints, discovery, motions, and affidavits. Pyczynski seeks an hourly rate of $95.00 for work performed by her. Pantas avers that state courts have found this rate reasonable for Cane's work. Pantas Aff. ¶ 6. I find that her hourly rate is reasonable, in the absence of objection, for legal work she performed in this matter.

3.  Becki Rodak.

Becki Rodak has "trained and worked as an administrative assistant since 2002," and is experienced in legal administrative work. Pantas Aff. ¶ 6. Pyczynski seeks an hourly rate of $95.00 for Rodak's work. The Court observes that there is a great difference in the level of skill between a trained paralegal and an administrative assistant such that the same hourly rate would not ordinarily be reasonable for both individuals. In another recent FLSA case, this Court determined that a reasonable market rate for Rodak, to the extent she performed basic paralegal services, was $65.00 per hour. *See, e.g.*, *Hauser v. Hawthorne Dev. II Corp.*, No. 6:07-cv-704-Orl-28KRS, 2007 WL 4570727, at *4 (M.D. Fla. Dec. 26, 2007). I find that $65.00 continues to be a reasonable rate for Rodak.

B.  Reasonable Number of Hours.

1.  Konstantine Pantas.

Pantas recorded 14.7 hours for his work on this matter. Time sheet at 3. Defendants argue that the number of hours Pantas recorded are unreasonable because it includes work performed on the unsuccessful breach of contract claim. Defendants argue that the Court should reduce Pantas's fee by at least $2,000, which is the amount Pantas is seeking from the state court for attorneys' fees on the breach of contract claim.

"[I]n determining reasonable hours the district court must deduct time spend on discrete and unsuccessful claims." *Norman*, 836 F.2d at 1302 (citing *Hensley*, 461 U.S. at 435). .Pantas spent .5 hours reviewing the two-count complaint drafted by Cane. Time Sheet at 1. He also spent a total of 1.3 hours to review the motion for more definite statement, which addressed alleged deficiencies in

both claims, and to prepare Pyczynski's two-page response.[1]  Doc. No. 17.  Pyczynski's withdrew her breach of contract claim in the response.  *Id*. at 2.

After reviewing the complaint and Pyczynski's response to Defendants' motion for a more definite statement, the work appears to have been evenly split between the two claims.  Therefore, it would be appropriate to reduce Pantas's hours by .9 hours to account for the work performed on the breach of contract claim.  I find that the remainder of Pantas's time billed was reasonable for the tasks performed absent specific objection, and that his total reasonable hours are 13.8.

    2.    <u>Judy Cane</u>.

Cane recorded 4.7 hours for her work on this matter.  Time sheet at 3.  Defendants argue that the Court should deduct .3 hours of Cane's time recorded on July 24, 2007, for communications with Pyczynski that included her state court action.  As Cane did not allocate her time between the instant case and the state court case, the entire amount of that work should be deducted.

Cane also spent 1.4 hours drafting and editing the complaint in this action.  Time Sheet at 1.  For the same reasons set forth above for reducing Pantas's time for work spent on the unsuccessful breach of contract claim, I find that Cane's time should be reduced further by .7 hours.  The remainder of the hours worked by Cane, 3.7 hours, are reasonable in the absence of specific objection.

    3.    <u>Becki Rodak</u>.

Rodak recorded 2.8 hours for her work on this matter.  Time sheet at 3.  Generally, work performed by an administrative assistant is considered not compensable, clerical work.  *Cf. Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not

---

[1] .6 hours on June 14, 2007; .7 hours on June 25, 2007.  Time Sheet at 1-2.

be billed at a paralegal rate, regardless of who performs them."). When an administrative assistant serves as a paralegal, her work is recoverable "only to the extent that [it is] work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses." *Scelta,* 203 F. Supp. 2d at 1334 (internal quotations omitted).

Rodak's work consisted entirely of running various checks, reviewing and opening the file, and preparing an initial damage summary. Time Sheet at 1. The various checks performed are purely administrative work. Opening a file is clerical work and not compensable. However, to the extent that Rodak spent .4 hours preparing a damage summary, her work is properly classified as basic paralegal work that would otherwise be performed by an attorney and is reasonable. I find that all other work performed by Rodak is not compensable.

C. <u>Lodestar</u>.

Based on the above analysis, the lodestar attorneys' fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Konstantine Pantas | $250.00 | 13.8 | $3,450.00 |
| Judy Cane | $95.00 | 3.7 | $351.50 |
| Becki Rodak | $65.00 | .4 | $26.00 |
| Total Award: | | | $3,827.50 |

1. <u>Adjustment to the Lodestar</u>.

Defendants argue that given Pyczynski's *de minimis* recovery, the Court should deny attorneys' fees entirely or, alternately, greatly reduce the award. Defendants further argue that because Pyczynski failed to state in her complaint the amount she was owed, but only calculated her losses after

Defendants produced their records, the Court should not accept the argument that Pyczynski recovered 100% of her claim. Doc. No. 35 at 4-5.

As stated above, the FLSA mandates an award of fees to prevailing plaintiffs. A "prevailing party" is one who "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). There can be no real dispute that Pyczynski is a prevailing party in this action and is entitled to an award for reasonable fees.

The court may make a downward adjustment to the lodestar based on the results obtained. *Hensley*, 461 U.S. at 434. There is not any precise rule or formula for making these determinations, but it is left to the court's sound discretion. *Id*. at 436-37. The Supreme Court has "reject[ed] the proposition that fee awards . . . should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." *Riverside v. Rivera*, 477 U.S. 561, 574 (1986). Given the nature of claims under the FLSA and the remedial purpose of the Act, it is not uncommon that the attorneys' fees will exceed the amount recovered by the plaintiff. *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007).

Defendants rely heavily on the *James* decision in support of their argument for a downward adjustment to Pyczynski's fees. In the *James* case, the plaintiff initially requested more than $600,000.00 in damages. *Id*. at 1351. After a three-day jury trial, the jury found in favor of the employer on the minimum wage claim and in favor of the plaintiff on the overtime claim, and awarded the plaintiff $1,746.81 in damages. *Id*. at 1345. After adding liquidated damages, the plaintiff recovered a total of $3,493.62. *Id*. Plaintiff's counsel sought $377,090.62 in attorneys' fees, which


the court cut in half because the plaintiff recovered only .5% of the amount initially sought. *Id*. at 1345, 1353.

Although Pyczynski declined in her Answers to the Court's Interrogatories to state the amount of pay she was owed without first reviewing her employers' time and pay records, she did provide information from which a rough estimate of her claim could be calculated. I do not find the difference between Pyczynski's early estimate of her claim, which was made without any discovery, and her ultimate recovery of $681.11 at an early stage of litigation to constitute limited success deserving of a downward adjustment to the lodestar.

More importantly, Defendants had time records from which they could have calculated the overtime compensation arguably due to Pyczynski, as they ultimately did in support of their motion to dismiss. Accordingly, had Defendants wished to limit the amount of attorneys' fees, they could have made their tender of "full payment" in a good faith attempt to resolve the case before filing a motion for more definite statement, to which Pyczynski's counsel was required to respond. Having failed to do so, Defendants' argument that Pyczynski's counsel should not be paid the attorneys' fees dictated by the lodestar analysis rings hollow.

The fee shifting provisions of the FLSA "were designed so that Plaintiffs could still recover under the statute despite the small monetary nature of their claim." *James*, 489 F. Supp. 2d at 1353. Pyczynski's fees as reduced by the lodestar analysis are not so out of proportion to her ultimate recovery as to warrant any further downward adjustment. *See, e.g., Daniels v. Strategic Mktg. Sys., Inc.*, No. 6:05-cv-332-Orl-31KRS, 2007 WL 2479967, *2-3 (M.D. Fla. Aug. 28, 2007) (awarding plaintiff $252.50 in minimum wages, $252.50 in liquidated damages, and $4,830.50 in attorneys' fees).

E.   Costs.

Pyczynski seeks costs in the amount of $465.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($115.00). Pantas Aff. ¶ 8. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).

The docket sheet in this case reflects that Pyczynski paid the filing fee. Also, Pyczynski submitted evidence supporting the costs for service of process. Cost documents. Therefore, I recommend that Pyczynski be awarded $465.00 in costs.

### III.   RECOMMENDATION.

For the foregoing reasons, I recommend that the Court **GRANT in part** Pyczynski's Motion for Attorney's Fees and Costs, doc. no. 34. I further recommend that the Court order the defendants, jointly and severally, to pay Pyczynski $3,827.50 in attorneys' fees and $465.00 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy